In the Matter of the Estate of IDA W. McDONOUGH, Deceased. In the Matter of the Estate of JOHN J. McDONOUGH, Deceased. GLEN E. McDONOUGH, Respondent; CORA A. SPRINGER, as Executrix of JOHN W. SPRINGER, Deceased, who was Executor of IDA W. McDONOUGH, Deceased, and who was Administrator De Bonis Non of the Estate of JOHN J. McDONOUGH, Deceased, Appellant.

First Department, February 13, 1952.

*Monroe E. Stein* of counsel, for appellant.

*James F. Carew* of counsel (*Anderson & Carew,* attorneys), for respondent.

*Per Curiam.* The petitions for a compulsory accounting should have been denied since such proceeding is barred by the ten-year Statute of Limitations. Petitioner had a clear right to compel an accounting when appellant Cora A. Springer was appointed by the Surrogate of Westchester County as the executrix of the estate of John W. Springer, her son. By virtue of sections 257 and 258 of the Surrogate's Court Act, petitioner, who was then *sui juris,* could have applied to the Surrogate for a compulsory accounting from Cora A. Springer of the estate of her testator, John W. Springer, in administering the estates of Ida W. McDonough and John J. McDonough. Having failed to apply for such accounting within the period limited by law, this proceeding is now barred. In *Matter of Rogers* (153 N. Y. 316) the Court of Appeals held unequivocally that the right to compel an accounting from the personal representative of the deceased executor or administrator was barred absolutely by the Statute of Limitations after ten years had elapsed since the appointment of said personal representative.

The two orders of the Surrogate should be reversed, with costs, and the petitions denied, with costs.

DORE, J. P., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Orders unanimously reversed, with costs, and the petitions denied, with costs. Settle order on notice.