Joseph A. Cox, S.
Application is made to compel an accounting in the estate of tMs intestate who died in 1929. Letters of administration were granted on June 7, 1929 to the decedent’s mother-in-law and his brother-in-law. The administratrix died in 1932 and letters testamentary under her will were issued in *40 the same year. The other administrator died on August 10, 1947 and letters testamentary in his estate were granted on September 8,1947. This application is directed to the executrix so appointed in 1947.
The petitioner herein, the daughter of the decedent, was an infant at the time of his death and distribution from the estate was made to her general guardian during her infancy. The petitioner attained her majority in July, 1939 and in 1944 she executed a general release to the surety on the administrators’bond. There is some indication that a release also was given to the administrators but this has not been proved.
It is safe to assume that the representative of the estate of the administratrix who died in 1932 has not been made a respondent in this proceeding for the obvious reason that the Statute of Limitations would be a defense to the petition (Matter of Rogers, 153 N. Y. 316; Matter of McDonough, 279 App. Div. 362). The Statute of Limitations is not a defense to the respondent herein inasmuch as this application was brought shortly within the expiration of the 10-year period following the grant of letters to the respondent. However, it is beyond contradiction that the institution of this proceeding 27 years after the decedent’s death, 17 years after the petitioner attained her majority and 12 years following the release of the surety is an example of gross laches and to compel an accounting by the representative of the estate of a deceased administrator under these facts would be an injustice (4 Warren’s Heaton on Surrogates’ Courts, § 353, par. 3; Matter of De Angelis, 286 App. Div. 1032).
The application is denied. Submit order on notice.