John D. Bennett, S.
In this accounting proceeding the executors and trustees of a deceased fiduciary move to dismiss certain objections filed by the claimant, Florence Spitz, on the ground that they are barred by the Statute of Limitations and by laches.
The objections of Florence .Spitz concern her interest as a remainderman of the residuary estate of Edward E. S. Aymar, of which estate this decedent was a coexecutor with his brother George E. Pettit, and the failure of the account to allow her claim that certain assets of this estate rightfully belong to her as .such remainderman.
The petitioners contend that the claim is barred by laches and by the 10-year Statute of Limitations provided in section 53 *819 of the Civil Practice Act, citing Matter of Rogers (153 N. Y. 316) and related cases.
The Rogers case held “ unequivocally that the right to compel an accounting from the personal representative of the deceased executor or administrator was barred absolutely by the Statute of Limitations after ten years had elapsed since the appointment of said personal representative. ” (Matter of McDonough, 279 App. Div. 362, 363.) (Emphasis supplied.)
There appears, however, an important distinction between the line of cases represented by Matter of Rogers and this ease. In the Rogers case the remedy afforded by the present section 257 of the Surrogate’s Court Act to compel the representatives of a deceased fiduciary to account was held lost by the expiration of 10 years following the appointment of such representatives. Here the executors and trustees are voluntarily accounting for the estate of the deceased fiduciary and affirmatively request relief that the claim of the beneficiary be dismissed.
While it is true that the executors of this decedent were appointed more than 10 years before this claim was first made, it also appears that the decedent’s brother as his coexecutor in the Aymar estate continued to acknowledge the interests of this remainderman by letters sent to her promising an accounting as late as 1960. Moreover, this very same coexecutor was a fiduciary of this estate, at least until February 18, 1960, during which period he apparently conducted the administration of this estate alone and to the exclusion of the other representatives.
Although an executor may not revive an obligation of the decedent which is outlawed by the Statute of Limitations (Schutz v. Morette, 146 N. Y. 137; Bloodgood v. Bruen, 8 N. Y. 362; Matter of Kendrick, 107 N. Y. 104), there are elements here present which indicate that this claimant was lulled into a false sense of security to her detriment, which situation could estop the petitioners from invoking the Statute of Limitations.
“It is a familiar principle that ‘ when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold.’ ” (Erbe v. Lincoln Rochester Trust Co., 13 A D 2d 211, 213, appeal dismissed 11 N Y 2d 754.)
While the objections do not specifically charge the decedent with fraud, the very nature of the surrounding circumstances involving as they do a complete failure to account and an apparent charge of commingling of personal and estate funds, contain indications which point towards a charge of fraud. In *820 such a case, the Statute of Limitations would commence running from the discovery of the fraud (Civ. Prac. Act, § 48, subd. 5).
Where there are insufficient facts upon which to postulate which of several Statutes of Limitation, if any, apply, it is proper to deny a motion such as here made where the allegations may be construed as supporting a cause of action not barred by the Statute of Limitations (Erbe v. Lincoln Rochester Trust Co., 3 N Y 2d 321).
The application or nonapplication of a Statute of Limitations or laches to the claims presented must await a full development of the facts on the trial of the objections.
The motion is denied.