■ In the Matter of the Estate of NIKITA Z. BARABASH, Deceased. ILYA N. BARABASH et al., Respondents; IGNATZ BARABAS, Appellant.— Order of Surrogate's Court, New York County, entered April 8, 1971, after trial, directing an accounting, reversed, on the law and the facts, without costs and without disbursements, and the petition for an accounting dismissed. The decedent was a native of Russia who died intestate in 1951, a resident of New York County. His nephew, the appellant herein, obtained letters of administration in 1952 as sole distributee, and distributed to himself the proceeds of the estate in 1954. The petitioners, Soviet citizens in Russia, born in 1906 and 1908, claim to be children of the decedent. The position advanced for them by their counsel is that not until 1960 did they discover the fact of death. The first claim letter was received by the appellant from a New Jersey lawyer in September 1962, a power of attorney was recorded in 1962 for the present counsel for the petitioners, and a communication was received by appellant's attorney in March, 1963. The appellant's attorney demanded (for the administrator as well as for the bonding company) proof of the petitioners' status. In August, 1963 counsel for the petitioners wrote that unless he heard within two weeks " I will understand that your client does not intend to render an accounting and we will be forced to move to compel an accounting." Proceedings to compel an accounting were not instituted until December 1969. The appellant either refused the claim or, through counsel, demanded more and better proof of kinship. In either event, the Statute of Limitations would not be tolled by discussions. (*Rachlin & Co.* v. *Tra-Mar, Inc.,* 33 A D 2d 370.) While a question is raised as to whether the proof by vital statistics from the archives of the Ukrainian Soviet Socialist Republic is acceptable because one birth certificate was reconstructed, we rest our determination on the application of the Statute of Limitations and on laches. In view of the fact that the appellant distributed the funds to himself in 1954, the claim is certainly stale. (*Matter of Lapidus,* 9 Misc 2d 39, affd. without opinion 7 A D 2d 720.) Moreover, having clearly indicated in August, 1963 that an accounting would

be sought, more than six years then elapsed before the accounting proceeding was instituted. (*Matter of McDonough,* 279 App. Div. 362; *Matter of Jacobs,* 257 App. Div. 28.)  CPLR 213 (subd. 1) effective September 1, 1963, corresponds with former section 53 of the Civil Practice Act and reduces the residual Statute of Limitations from 10 to 6 years.  Concur — Markewich, J. P., Nunez, Kupferman and Eager, JJ.; McNally, J., dissents in the following memorandum: The order should be affirmed.  It was incumbent on the respondent-appellant, the administrator of the estate of the decedent, to establish the repudiation of his trust, the event required to commence the running of the Statute of Limitations. (*Matter of Meyer,* 98 App. Div. 7, affd. 181 N. Y. 553; *Matter of Ashheim,* 111 App. Div. 176, affd. 185 N. Y. 609.)  The Surrogate properly held on this record that the appellant failed to establish his repudiation.  On the contrary, it appears that appellant's attorney, who represented appellant in the negotiations with the petitioner's carefully refrained from claiming a repudiation.  His testimony is "I didn't use the word 'repudiated' * * * I didn't use the word 'repudiation' nor did he [petitioners' attorney]."  Moreover, in case of doubt as to the application of the Statute of Limitations, it is the better practice to order an accounting and resolve the issue at that time. (*Matter of Ashheim, supra,* p. 177.)  The documentary evidence sustains the status of the petitioners.  The arguments of the appellant relative thereto affect the weight rather than the admissibility of the documents.  In addition, the status of Ilya does not depend on the reconstruction of her certificate of birth, and her status is enough to sustain the proceeding.  Appellant's obligation to account is unaffected by the alleged lack of status of Sofia.