GOLDA DE YONG, Also Known as MALKA DE YONG, Also Known as MARGARET DE YONG, Respondent, *v.* BERNARD DE YONG, Appellant, Impleaded with IRVING SCHAIN, Defendant.

First Department, January 30, 1942.

*Julian J. Appleton* of counsel [*Benjamin Neugeboren*, attorney], for the appellant.

*Horace Valenstein*, for the respondent.

O'MALLEY, J. Plaintiff brought this action for a judgment declaring her to be the lawful wife of the defendant-appellant Bernard De Yong; that she is not the wife of defendant Schain, and to restrain defendant-appellant from denying that he is married to plaintiff.

After tendering the general issue, defendant-appellant counter-claimed for a judgment declaring that there was a valid subsisting marriage between plaintiff and defendant Schain and that the alleged marriage between plaintiff and defendant is void. The reply denied that plaintiff was ever married to defendant Schain.

Plaintiff and defendant-appellant went through a marriage cere-mony in France on May 3, 1934. It is contended by the defendant-appellant De Yong that this marriage was invalid by virtue of the fact that plaintiff and defendant Schain, who has neither appeared nor answered, had been married in Poland on March 4, 1930. Concededly, there has been no dissolution of any such marriage if in fact it was valid.

Appellant's proof was to the effect that at the solicitation of a Mr. and Mrs. Rosen, by whom he was employed, he went to France and married plaintiff, who was related to the Rosens. Plaintiff was introduced to him as " Margaret " Brener. After he had returned to this country, plaintiff entered as his wife on a non-quota immigration visa, he being a citizen. As a result of certain rumors which reached him, he discovered that the Rosens had

theretofore obtained steamship tickets for a " Golda " Schain and one Irving Schain. Plaintiff denied any knowledge of Schain.

Subsequently, De Yong questioned Schain but he denied the marriage. Schain had a possible motive for so doing in view of the fact that on October 28, 1930, he had married a woman by the name of Hecht by whom he had children. However, De Yong's proof was to the effect that Schain admitted that he had known the Brener family and identified a photograph of plaintiff as being " Golda " and not " Margaret " Brener. Again, plaintiff, when confronted with this information, denied any knowledge of Schain.

Shortly after the birth of a child to plaintiff, De Yong left her and they have not lived together since 1935. Some time in 1936, De Yong learned that the Federal government had issued a warrant for plaintiff's arrest and instituted an inquiry as to her marriage to him. It was subsequently determined by the Inspector of Immigration that plaintiff's marriage to De Yong was void and that her entry as the wife of an American citizen was fraudulent and illegal. Subsequently she was deported and went to Cuba.

During the proceedings last mentioned, plaintiff acknowledged in an affidavit that her maiden name was " Golda " Brener but that she had used the name and birth records of her sister, Margaret Brener, so as to obtain the visa for entry into this country. In this affidavit, she admitted that she had known defendant Irving Schain in Poland. While denying that she had been married to him in that country, she admitted that she had gone to the office of the American consul at Warsaw where she was informed that she could not obtain a visa if she was only engaged to someone. A marriage certificate was submitted after some sort of ceremony with Schain present occurred before a rabbi. Again, however, she was refused a visa under her name of " Golda " Schain.

In her deposition taken in Cuba and used upon the trial in this action, she again denied any marriage to Schain but admitted that she had signed certain papers which he had informed her were necessary in order to bring her to the United States as his " girl friend." She later discovered that she had signed " marriage papers." Further, to establish plaintiff's marriage with Schain, De Yong offered in evidence certified copies of the Polish marriage record and the sworn petition made by plaintiff in 1932 for a non-quota immigration visa under the name of " Golda Shan " wherein she stated that she wished to come to the United States for the purpose of " obtaining a divorce." There was also offered in evidence the sworn petition of Schain made in 1930 in an application for a non-quota immigration visa for the plaintiff as his wife. Therein were set forth particulars of the marriage which conformed with the details and facts as set forth in the Polish marriage record.

These documents were excluded by the court without any reason being assigned. As the real issue in the case is whether plaintiff had entered into a marriage with the defaulting defendant Schain in Poland, the admissibility of these papers is the primary question to be determined upon this appeal.

We are of opinion that it was error to exclude the certified copies of the Polish marriage record between plaintiff and defendant Schain. De Yong called as an expert on Polish civil law a former judge of the highest court of Poland, a former professor of law at Warsaw and an author. His testimony was to the effect that the copies of the Polish record of marriage were in the one form permitted by Polish law in case of a marriage and that it was the only way of certifying such an event after the religious ceremonies had been performed. Under Polish law, such a certificate would be conclusive evidence of the marriage.

In our opinion, the court should have received these certified copies, the authenticity of which from the original was attested to under signature and seal by one purporting to be the official for the vital statistics records.

Under section 398 of the Civil Practice Act, it is provided that a copy of a document of record or on file in the public office of a foreign country certified according to the form and use in that country is evidence when authenticated, among other ways, " by such other person as the court may deem qualified." (Subd. 3.) Certainly, the former Polish jurist was qualified. His qualifications with respect to the weight and effect of the document in Poland were conceded by plaintiff's counsel. His testimony was to the effect that the certificate was in the form which alone would be recognized under Polish law. The documents were certified as being authentic as judged from the original.

The documents did not have to be otherwise authenticated with respect to the identity of the official who had certified the record. Section 398 of the Civil Practice Act contains no such requirement.

The proof being sufficient under section 398 of the Civil Practice Act, the Polish marriage records should have been received in evidence. Section 329 of the Civil Practice Act has no application in our opinion, since it refers to cases where provision is not made for the form of the certificate. Such special provision with respect to foreign documents is found in section 398.

Assuming, however, that section 329 has any applicability, its requirements have been met. As already stated, the Polish certifying officer stated that " the authenticity of the foregoing extract from the original is hereby attested to by my signature and official seal." Such statement is tantamount to a certificate that the copy

has been compared with the original and that it is a correct transcript therefrom.

We are also of the opinion that it was error to exclude the petition of plaintiff in 1932 for a non-quota immigration visa wherein she styled herself as " Golda Shan " and stated that she wished to come to the United States for the purpose of obtaining a divorce. This document could be admitted against her as an admission that she had contracted the alleged Polish marriage with defendant Schain.

Proof of plaintiff's signature was readily available. In the first place, the signature on her affidavit above referred to was already in evidence and a comparison could be made between the two. Secondly, the defendant De Yong could have testified to the genuineness of plaintiff's signature.

As to the petition made by Schain himself, there is no evidence that plaintiff had ever seen it, much less that she knew its contents. Under such circumstances, we think that the statements therein contained are not binding upon plaintiff and that this petition was properly excluded as against her. If properly proved, it would be admissible against him.

With the excluded documents in evidence, considered with the other evidence in the case, defendant De Yong presented at least a *prima facie*, if not a very strong, case on his counterclaim.

It follows that so much of the judgment as dismisses the counterclaim should be reversed and a new trial directed thereon in accordance herewith.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial directed in accordance with opinion. Settle order on notice.