In the Matter of the Estate of EMIL GEIGER, Deceased.

Surrogate's Court, Nassau County, July 25, 1962.

*Theodore Ornstein* and *Edward Elman* for petitioners. *Walter S. Doernberg* for Clarence Simon and others. *Joseph Trachtman* for Dorothy T. Tanzer, as executrix. *Bernays & Eisner,* former attorneys for Dorothy T. Tanzer, as executrix. *Sidney B. Alexander* for Jerome H. Friedman and another. *Max Bleecher, Jr.,* for Peter A. Weiner. *Guzik & Boukstein* for Vice-Consul, State of Israel. *Wolf, Popper, Ross, Wolf & Jones* for Ladislaw Geiger. *Carl Rachlin* and *Lester Migdal* for Paul Weiner. *Joseph Caputo,* as special guardian for Miklos Geiger and others, and any and all distributees, heirs at law and next of kin of Emil Geiger, deceased. *Ujlaki & Allen (Nicholas Ujlaki* of counsel), for Clarisse Gustav and others.

JOHN D. BENNETT, S. In this accounting proceeding, and in accordance with the opportunity afforded petitioners, a further hearing was held to determine whether one of the residuary beneficiaries, Miklos Geiger, and his issue predeceased the testator.

At the subsequent hearing, the petitioners produced an expert on Hungarian law, who is at present a member of the New York Bar and was prior to 1948 a member of the Hungarian Bar. The witness has lectured and written extensively on Hungarian law, and had prior to 1948 a large legal practice in that country. Further he has kept himself abreast of the changes and developments in the laws of that country to the present date.

The witness testified that the decree of the District or City Court of Debrecen, Hungary, declaring the deaths of Miklos Geiger, his wife and three sons, is in accordance with the Hungarian statute authorizing such proceedings.

The decree, Exhibit 1, was compared, requirement by requirement, with the Hungarian statute (§ 12.200/1948 Korm) and was found to be in full accord with its provisions. A copy of the decree is attested as correct by the head of the District Court, whose signature is authenticated by order of the Hungarian Minister of Justice, and is signed by the official in chief.

Pursuant to the requirements of subdivision 4 of section 398-a of the Civil Practice Act, the court deems the expert witness on Hungarian law qualified to make the certificate required by such subdivision to the effect that the decree conforms with the Hungarian law, and accepts his testimony in lieu of the certificate

(see *De Yong* v. *De Yong*, 263 App. Div. 291; *Matter of Kohn*, 124 N. Y. S. 2d 861).

The same may be said of the authentication of the certificates of death issued pursuant to the decree being respectively Exhibit 3 (death certificate of Miklos Geiger); Exhibit 4 (death certificate of his wife, Matild Stern Geiger) and Exhibits 5, 6 and 7 (and death certificates of the three sons of Miklos Geiger, Andrew Emeric Israel [Andras Imre Israel] Geiger; Francis Victor [Ferenc Gyozo] Geiger, and Michael Alexander [Mihaly Sandor] Geiger).

On the evidence adduced at the hearing, the court holds that Miklos Geiger and his wife and three sons all predeceased the testator, and that no issue or descendants of the said Miklos Geiger survived the testator's death.

The attorneys' fees and disbursements are fixed in the amounts requested, and are for all services rendered, including the submission of a decree and implementation thereof.