OPINION OF THE COURT
Marie M. Lambert, S.
In this Public Administrator’s accounting, a hearing on the issue of kinship of alleged distributees has been concluded. Reserved for determination was the question of the admissibility of foreign documents not authenticated pursuant to CPLR 4542. Mr. Broydes, an attorney admitted to the Bars of New *346 York and Warsaw, Poland, testified on behalf of the alleged distributees regarding the documents issued by the Polish Government.
Prior to the amendment of CPLR 4542 in 1969 (Fifteen Ann Report of NY Judicial Conference, 1970, pp A125, A126, eff Sept. 1, 1969), the statute provided four alternative methods of authentication. Each method, however, contained provisions which proved to be cumbersome, overly complex and "insufficiently 'attuned to the problems likely to arise abroad’ ”. (See 5 Weinstein-Korn-Miller, NY Civ Prac, par 4542.01.) The 1969 amendment, which sought to simplify the methods of proving foreign records and documents, provides that if a reasonable opportunity has been given the parties to investigate the accuracy and authenticity of the documents, the court may, for good cause shown, admit an attested copy or a summary without final certification. Thus, the court has the power to admit into evidence those documents which for some reason could not meet the usual authentication standards.
Even under the prior statute, section 398 of the Civil Practice Act, the courts have held that it is reversible error to exclude from evidence certain certified copies of Polish records of marriage where testimony was obtained which indicated that the copies of the proffered documents were "in the one form permitted by Polish law in case of a marriage” and that these documents were the only way to certify that such an event had occurred. (De Yong v De Yong, 263 App Div 291, 294.) In the De Yong case (supra), the court accepted the testimony of an individual who had been a former Judge of the highest court in Poland. Such testimony was mandated by subdivision 3 of section 398 of the Civil Practice Act, which allowed authentication "by such other person as the court may deem qualified.” Under the relevant provisions presently in effect, no such restrictive testimony is required.
In the case sub judice, the testimony proffered and the affidavit of authenticity submitted in lieu of certification indicate that the attorney-witness was a practicing attorney in Warsaw, Poland, at the time the questioned documents were issued and that the attesting officials were the officials they purported to be. In addition, he states that their signatures and official seals are genuine. No other testimony has been proffered which rebuts the facts attested to with regard to the documents in question. From the above, it appears that the objectant has met not only the present standards established *347 by CPLR 4542 but the more restrictive rule as outlined by section 398 of the Civil Practice Act. Accordingly, no rational basis exists for excluding the offer of proof and the objections are thus overruled.
Having thus accepted the oral testimony of the attorney-witness, the proof adduced at the hearing before a law assistant-referee satisfies the court that the decedent was survived by his maternal first cousins, Jerzy Oskar Szereszowski, Anna Sachs, Halina Swiecicka and Ludwika Endelman, and his paternal first cousins, Benedict R. Birsten, Vadim O. Persitz, Rachel Schwartz and Zachau A. Persitz, as his only distributees entitled to share in his estate.
Submit decree settling the Public Administrator’s account on notice in accordance with all and foregoing.