OPINION OF THE COURT
C. Raymond Radigan, J.
This is an application for withdrawal of funds on deposit with the Comptroller of the State of New York. The will of Ernestine Eggers was admitted to probate on September 13, 1974. Under its terms, the testatrix bequeathed $25,000 and a portion of her residuary estate to her nephew, Joseph Matuscik, described in article third as the son of the testatrix’ deceased brother, Michael, living in Puchov, Czechoslovakia.
When the executors attempted to transmit the legacy to Czechoslovakia, they discovered that Joseph Matuscik had died and the money was returned to them. Pursuant to this court’s decision of January 28, 1982, Joseph Matuscik’s share was paid to the Comptroller of the State of New York pursuant to SCPA 2222. The decision also referred to information in the court’s file which indicated that the deceased legatee was survived by a wife and two children.
A hearing was held on August 16, 1983, in which the attorneys for the petitioners (the legatee’s heirs) proffered several documents issued by the Czechoslovakian authorities. The court received the documents subject to the Attorney-General’s objection.
*794 Exhibit 4 is a document purporting to be the legatee’s death certificate issued by the Czechoslovakian Ministry of the Interior, bearing the signature and seal of the Departmental Director. Attached thereto is an official translation by a court-appointed translator in Czechoslovakia, a confirming translation by the Berlitz School of Languages, and a final certification by the Chief of the Consular Division of the Czechoslovakian Embassy. In like manner the petitioners submitted the deceased legatee’s marriage certificate and the birth certificates for his two children. The petitioners also offered a certificate of succession issued by an authorized State Notary from the legatee’s district of residence. The certificate sets forth that the legatee died intestate on June 16,1979, survived by a wife, Jozefina, a son, Michal, and a daughter, Maria. Attached to it, there is an official English translation, a confirming translation by the Berlitz School of Languages and a final certification by the Chief of the Consular Division of the Czechoslovakian Embassy. The final foreign document issued in like manner by the State Notary is a certificate similar in content to letters of guardianship, appointing the legatee’s surviving spouse legal representative of the two minor children.
The certification, by the Consular Division of the Czechoslovakian Embassy attached to each one of the foreign documents, certifies that at the time the document was issued the party who attested to the particular foreign instrument was the official he or she purported to be and that the signature that appears thereon is genuine.
The Attorney-General objected to the introduction of these documents, contending that they are not exact copies of original documents, but rather appear to be forms containing information extracted from original documents. He further objects to the documents because they do not comply with requirements for authentication and certification set forth in CPLR 4542.
The difficulties experienced by different nations in recognizing the authenticity of foreign documents was primarily addressed at the Hague Conference on Private International Law, which adopted a Treaty Abolishing The Requirement of Legal Satisfaction For Foreign Public Doc *795 uments on October 26, 1960. That treaty went into effect for the signatories approximately one year later and was finally ratified by the United States Senate on November 29, 1979. The purpose of the treaty was to simplify the authentication process for foreign public documents by creating a standard certificate called an “Apostille” which requires only one designated signature for authentication. The treaty was signed by 29 countries, most of which are located in Western Europe. It provides for additional countries to adopt the treaty, but to date, Czechoslovakia has not become one of the signatories. Therefore, all of the documents sought to be admitted must comply with the controlling New York statute, CPLR 4542.
As a result of the recommendations of the Judicial Conference for the State of New York, CPLR 4542 was amended in 1969, and then again in 1972, so as to simplify the statutory provisions required to prove foreign official records (Thirteenth Ann Report of NY Judicial Conference, 1968).
The former statute required a rather burdensome verifying certificate of authority. The present statute dispenses with the verifying certificate and permits records or documents to be proved by an official publication; or a copy of the record or document, attested by a person authorized to make the attestation and accompanied by final certification as to the genuineness of the signature and the official position of the attesting person (5 Weinstein-Korn-Miller, NY Civ Prac, par 4542.02).
The documents which include the legatee’s death certificate, marriage certificate and children’s birth certificates do not contain an attestation, but the final certification by the Chief of the Consular Division of the Czechoslovakian Embassy appears to be in the form required by CPLR 4542 (subd [a]) in that it certifies the genuineness of the signature and the official position of the person issuing the foreign document.
In an effort to assist them in the admission of the foreign document, the petitioner’s attorney called as an expert witness, an attorney who is licensed to practice law in Czechoslovakia and in the State of New York. The witness described to the court his legal background and 10 years of *796 experience as a lawyer in Czechoslovakia. He testified that the keeping of public records is controlled by specific laws issued by the Ministry of the Interior. On cross-examination by the Attorney-General, he stated that the certificates of death, marriage and birth which were offered are official publications in the same form that any Czech citizen would receive if requesting such documents in Czechoslovakia. The witness further explained the procedures and rules governing State Notaries. Once a person dies, the State Notary receives a death certificate which initiates his investigation into the decedent’s estate and distributees. He deposes witnesses under oath and at the conclusion of his investigation issues a certificate of succession which is given an identification number similar to this court’s file number.
Based upon the form and information in the documents offered, the testimony of the expert witness as to their authenticity, and the final certification supplied by the Czechoslovakian Embassy, the court finds that the petitioners have met the standards required by CPLR 4542. The objections of the Attorney-General are overruled and the foreign documents are admitted in evidence (see Matter of Birsten, 104 Misc 2d 345).
After reviewing all the evidence, the court determines that Jozef Matuscik, who died on June 16,1979, in Puchov, Czechoslovakia, is the same person named in the will of Ernestine Eggers and his distributees under the laws of Czechoslovakia are his wife, Jozefina and his children Michal and Maria. The application for withdrawal of fund on deposit with the Comptroller of the State of New York is granted and the attorney in fact shall distribute one third of the legacy to the surviving spouse in her name, one third to her as legal representative of the infant, Maria, and one third to the son, Michal, who has reached the age of majority.