OPINION OF THE COURT
Bernard M. Bloom, S.
By decree dated March 26, 1973, funds of this estate were deposited with the Director of Finance of the City of New York and thereafter transferred to the Comptroller of the State of New York.
An application has now been ma,de to withdraw these funds.
The proof presented at a hearing before a law assistant-referee establishes that the decedent’s sole distributee on the paternal side of the family is a postdeceased paternal first cousin, Mikolas Benediktovich Yuska.
As to the maternal family, more than five years have elapsed since the death of decedent. It appears to the satisfaction of the court that diligent and exhaustive efforts have been made from all available sources to ascertain such relatives, that the parties know of no distributees of the decedent other than the postdeceased paternal first cousin and that no claim to a share in the estate has been made by a person whose relationship has not been established. Accordingly, the court determines that no distributee or class of distributees exist on the maternal side of the family and that Mikolas Benediktovich Yuska is the sole distributee of the decedent (SCPA 2225).
*99 A certificate of right to inherit for the postdeceased distributee was submitted subsequent to the conclusion of the hearing. Objections thereto were received from the Attorney-General of the State of New York that there was no evidence as to the current validity and applicability to this case of the laws of the Lithuanian Soviet Socialist Republic, that there was no proof as to the authority of the person executing the certificate to make determinations of kinship, that the document is hearsay, and that it deprives the Attorney-General of his right to cross-examine and usurps the fact-finding powers of this court.
A properly authenticated death certificate for Mikolas Benediktovich Yuska, admitted into evidence pursuant to CPLR 4542 without objection, indicates that he died on October 18, 1975 in the Moletai District, Lithuanian Soviet Socialist Republic. It is well settled that the law of the jurisdiction in which the postdeceased distributee was domiciled at death, Lithuania, should be applied by this court to establish his heirs. (EPTL 3-5.1 [b] [2]; Matter of Rougeron, 17 NY2d 264, cert denied 385 US 899 [1966].)
The State Notary of the Utenskaya State Notarial office, Ministry of Justice, Lithuania, executed the certificate of right to inherit and concluded herein that on the basis of the Civil Code of Lithuania article 573, the heirs in equal shares of the estate of Mikolas Benediktovich Yuska are his son and three daughters. Unquestionably, the certificate complies with the authentication requirements of CPLR 4542 (to date, Lithuania is not a signatory to the Convention Abolishing the Requirement of Legalization for Foreign Public Documents, done Oct. 5, 1961, T.I.A.S. No. 10072, U.N.T.S. No. 189 [adopted by the US, eff Oct. 15,1981]) and includes a certification by the chief of the legal and notarial department of the Bureau of Archives of Vital Statistics of the Ministry of Justice, Lithuania, that the State Notary, at the time the certificate was executed was performing the duties of Senior State Notary and was authorized by law to execute this document. Accordingly, the Lithuanian certificate of right to inherit is admissible into evidence, but the weight this record is to receive is unrelated to its admissibility. (Matter of Barabash, 31 NY2d 76 [1972].)
In the absence of proof by the Attorney-General that recognition of the certificate of right to inherit contravenes the public policy of this State or that it was procured by fraud (Greschler v Greschler, 51 NY2d 368 [1980]; De Pena v De Pena, 31 AD2d 415 [1st Dept 1969]), the court will exercise its discretion and recognize the facts contained in the certificate as a matter of comity *100 (Daniunas v Simutis, 481 F Supp 132 [SDNY 1978]; Matter of Bellmer, 144 Misc 462 [Sur Ct, Bronx County 1932]; see also, Matter of Eggers, 122 Misc 2d 793 [Sur Ct, Nassau County 1984]; Matter of Zubriskas, NYLJ, July 5, 1984, p 13, col 2 [Sur Ct, Kings County]).
Based upon the applicability of Lithuanian law to establish the heirs of the postdeceased distributee and the admissibility into evidence of and conclusive recognition accorded to the certificate of right to inherit, the Attorney-General has no right to cross-examine the participants of the proceedings in Lithuania.
The petition is granted. The net funds shall be paid in equal shares to Antanas Mikolo Yuska, Anele Mikolovna Kavaliauskene, Elonofa Mikolovna Karvialene and Urshule Mikolovna Kavaliauskene, all of whom are the heirs of Mikolas Benediktovich Yuska.
The Comptroller of the State of New York shall pay the funds to the claimants’ attorney-in-fact after deducting therefrom his fees and charges as provided by la\y. The attorney-in-fact, after deducting his fees and disbursements, shall transmit the balance of the funds to his clients and obtain receipts therefor which shall be filed in this court.
The guardian ad litem is allowed $750 as compensation for services rendered.
The attorneys for the Public Administrator are allowed $750 as compensation for services rendered.