John McCaw et al., Plaintiffs, *v.* William J. McCaw, Individually and as Executor and Trustee under the Will of Margaret V. McCaw, Deceased, Defendant.

Supreme Court, Special Term, Kings County; April 18, 1944.

*Abraham Fishbein* for defendant.

*Brown, Overend & Vogel* for plaintiffs.

FROESSEL, J. This is a motion by the defendant for judgment on the pleadings, and is based solely upon the ground that the Statute of Limitations has barred the action.

According to the amended complaint, the mother of the plaintiffs died testate on January 28, 1903, when the elder of them was but seven years of age, seized and possessed of certain realty; that her will was duly probated on December 23, 1903, by the Surrogate of Kings County; that letters testamentary were duly issued to the defendant; that, by the terms of her said last will, the decedent left her real property to the defendant in trust, to receive the rents, profits and income thereof and apply the same to the support, maintenance and education of the plaintiffs until they attained the age of twenty-one years, " at which time said trust was to have ceased and terminated and said real property or the proceeds thereof vested in the plaintiffs, absolutely and forever "; that after the death of the decedent, the defendant collected the rents and income from the premises referred to in the complaint up to and including the rents for the month of December, 1941, and has never accounted to plaintiffs or either of them therefor; that the

defendant *concealed* from both of them that their mother died leaving a last will and testament, as well as the fact that she died seized and possessed of the particular property in question; that they did not acquire any knowledge or information of the foregoing facts until the month of December, 1941. They demand judgment that the defendant be compelled to account for all the rents, income and profits received by him from the real estate in question, together with interest thereon.

It is the position of the defendant upon this motion that the alleged trust terminated in 1918 when both plaintiffs had reached the age of twenty-one; that the Statute of Limitations then commenced to run, and since this action was commenced some twenty-four years thereafter, it is barred by the Statute; and that the alleged '' concealment '' neither barred nor suspended the running of the Statute as a matter of law.

Assuming the truth of the allegations pleaded in the complaint, with all reasonable inferences to be drawn therefrom, as I must upon this application, I have no alternative but to deny the motion. It appears from said pleading that on January 17, 1918, both plaintiffs, under their mother's will, became the *absolute owners* of the real estate in question; it follows therefrom that the rents, which the defendant concededly collected until 1942, belonged to the plaintiffs as owners, and the defendant is prima facie accountable to them, whether the trust is terminated or not, for the period of at least six years prior to the commencement of this action. (See *Gleason* v. *Ritchie*, 267 App. Div. 447.)

In my opinion, there is an added reason why this motion may not be granted upon the present application. The pleadings disclose that at the time of the death of plaintiffs' mother, John McCaw was seven years of age, and his sister Mary was six years of age. They allege that they knew nothing of the ownership of the property nor of her will. Defendant was their father, their natural guardian, as well as executor under their mother's will, and in every sense a fiduciary for them. He had an undisclosed conflicting interest during all the times referred to in the complaint. It does not appear that he ever openly renounced the trust, nor did he ever account, nor yield the estate to a successor, nor were his letters ever revoked. The rule applicable here is succinctly stated by CARDOZO, J., in *Spallholz* v. *Sheldon* (216 N. Y. 205, 209): '' While an express trust subsists and has not been *openly* renounced, the Statute of Limitations does not run in favor of the trustee [citing cases]. But after the trust relation is at an end, *and the trustee has*

*yielded the estate to a successor,* the rule is different ". (Italics mine.) Moreover, *suppressio veri,* that is, by concealment, under these circumstances, may be equally as fraudulent as *suggestio falsi,* and attended with the same consequences. While it is well settled that where parties deal at arm's length, mere failure by one to disclose what he knows does not ordinarily constitute fraud, on the other hand, " Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact ", and such " intent " may be " clearly  *  *  * inferable from the complaint " (*Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290, 295).

It will require a full development of the facts upon the trial of this action to determine the effect of the defendant's concealment, and to what extent the defense of the Statute of Limitations may be applicable (*Harrison* v. *Schultz,* 240 App. Div. 13; *Matter of Walls,* 179 Misc. 924; *Newfield* v. *East River Savings Bank,* 263 App. Div. 983). I have examined the authorities submitted by the parties and find that none of them touches the precise situation presented here.

There may indeed be other reasons why the defendant should prevail at the trial, but I am not concerned here with the merits of the action. As a matter of law, the present application must be denied.