■ KAY JOLAN et al., Respondents, v WALTER JOHNSON et al., Appellants.—Order, Supreme Court, New York County, entered March 15, 1979, reversed, on the law, to the extent appealed from, and defendants-appellants' motion to dismiss the second cause of action granted, with costs and disbursements. Defendant-appellant was the executor of his father's estate in Germany. Plaintiffs-respondents, claiming a four-fifths interest in that estate, have sued via the subject cause of action for an accounting, claiming that the success of defendant's business, established and operated by him here, derived from the estate. The specific claim is that he appropriated the "good will" of the former business. There is not a scintilla of evidence that anything that had belonged to the father or his estate was misappropriated by the son and used to advance his own fortunes; indeed, the evidence

points in the other direction. There are other involvements as between the parties, but they have either been settled or are the subjects of other causes. Special Term, denying defendants' motion for dismissal, used the following language: "Although it seems anomalous to hold that a claim which accrued over three decades ago is not necessarily barred either by the statute of limitations or laches—and defendant has made a strong argument of prejudice to him in the form of several key witnesses—this court is constrained to follow the holding of our State's highest court in *Matter of Barabash"* (31 NY2d 76). Reliance on *Barabash* was not well founded: here the assets involved are shown not to have been subject to a fiduciary relationship, while in *Barabash* they undoubtedly were; indeed, here there was no fiduciary relationship at all; in *Barabash,* there was concealment of assets, while here everything done by defendant was open and notorious. In these circumstances, the limitation of time having run, the motion to dismiss should have been granted. Concur—Kupferman, J. P., Bloom, Markewich and Ross, JJ.