■ In the Matter of JAMES PARIS, Appellant. ANTHONY AVE. REALTY CORP., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered on or about January 30, 1989, which granted respondent's motion to dismiss the petition seeking judicial dissolution of the corporate respondent Anthony Ave. Realty Corp., unanimously affirmed, without costs.

On April 16, 1975, petitioner James Paris formed the respondent corporation, Anthony Ave. Realty Corp., to own and manage a building located at 501 West 189th Street in Manhattan. In September of 1975, petitioner sold one half of his interest in the closely held corporation to Martha and Edmond Contouris, retaining half of the stock for himself. Subsequently, on July 28, 1976, petitioner agreed to sell the remaining shares of his stock to Mr. and Mrs. Contouris for $4,900, which was to be paid in monthly installments of $100 from September 1, 1976 to September 1, 1980.

It is undisputed that petitioner never received the $100 monthly payments under the terms of the stock transfer agreement and that Mr. and Mrs. Contouris continued to operate the subject building as the sole owners of the corporation. Nevertheless, petitioner admittedly took no action to enforce his rights under that agreement nor did he seek damages for its breach until more than 12 years after transferring his shares in the corporation, when he commenced the underlying dissolution proceeding in July of 1988 alleging dissension between the shareholders.

Petitioner has offered no explanation whatsoever for his failure to assert a claim, to demand payment, or to attempt to enforce or rescind the stock transfer agreement for more than 12 years after the shares were transferred. We therefore find that petitioner's claim was barred by the six-year contractual Statute of Limitations set forth in CPLR 213 and by the equitable doctrine of laches. Petitioner had endorsed the certificate and written the word "void" across its face thereby relinquishing his interests in the corporation. The record further reveals that respondents, relying on petitioner's acquiescence, dedicated their finances, time and efforts to the preservation of the subject property. (Cf., *Matter of Barabash*, 31 NY2d 76, *rearg denied* 31 NY2d 963; *Dante v 310 Assocs.*, 121 AD2d 332, *lv denied* 68 NY2d 607.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.