■ In the Matter of the Estate of HENRY BEHR, Deceased. HENRY S. BEHR, Respondent; HENRY BEHR, JR., Appellant. [594 NYS2d 314] —In a proceeding for a compulsory accounting by a purported trustee, the appeal is from an order of the Surrogate's Court, Queens County (Graci, S.), dated July 27, 1990, which denied the purported trustee's motion to dismiss the proceeding as time barred.

Ordered that the order is affirmed, with costs payable by the appellant personally.

We agree with the determination of the Surrogate that the appellant has failed to establish his entitlement to judgment as a matter of law dismissing the instant proceeding for an accounting as time barred. In proceedings for accountings, the governing limitations period is the six-year period set forth in CPLR 213 (1). It is well settled that the statutory clock begins to run when the trustee openly repudiates his fiduciary obligations (see, Matter of Barabash, 31 NY2d 76, 80). For a trustee to invoke a Statute of Limitations defense, a mere lapse of time is insufficient without proof of an open repudiation (see, Matter of Barabash, supra; see also, Matter of Asheim, 111 App Div 176, affd 185 NY 609). When measured from the date of a repudiation, the trustee must establish that the repudiation was clear and made known to the beneficiaries (see, Matter of Barabash, 31 NY2d 76, supra). Where there is any doubt on the record as to the conclusive applicability of a Statute of Limitations defense, the motion to dismiss the proceeding should be denied (see, Erbe v Lincoln Rochester Trust Co., 3 NY2d 321; Matter of Pettit, 38 Misc 2d 818), and the proceeding should go forward. Only if facts are established

in the course of the accounting establishing a Statute of Limitations defense, should the proceeding then be dismissed as time barred (61 NY Jur, Trusts, § 309, at 511; *see, McCaw v McCaw,* 182 Misc 910, *affd* 268 App Div 866).

In the instant proceeding, it is not at all apparent when or if the appellant openly repudiated his fiduciary duties under the trust created by his father's will for the benefit of the testator's grandson, the petitioner herein. The appellant denied any knowledge of the existence of the trust and denied handling any trust assets. The petitioner established, however, that the appellant was issued a power of attorney by his mother, the testator's widow, authorizing the appellant to administer estate matters under the testator's will. The appellant also served as the executor of his mother's will. The petitioner alleged that the appellant converted trust assets.

The appellant argues that he was a constructive trustee, and that any alleged self-dealing would have been open and apparent to the petitioner. Obviously, if, as the appellant originally argued, he never acted as trustee and knew nothing of the existence of the trust, then he could not have openly repudiated his obligations as trustee. In light of these conflicting claims, the appellant has not established as a matter of law that he openly repudiated his fiduciary obligations or that the beneficiary was or should have been aware thereof. Thus, whether he is a de jure fiduciary or a constructive trustee, he has not established that this proceeding is time barred *(see, Two Clinton Sq. Corp. v Friedler,* 91 AD2d 1193; *Saldi v Saldi,* 32 Misc 2d 516). Furthermore, the appellant has not established, by reference to matters of record, that the instant proceeding was not commenced within six years of the date upon which the last distribution of principal was to be made to the petitioner under the terms of the testamentary trust.

The appellant's remaining contentions are unpreserved for appellate review and/or without merit *(see, e.g., Schirano v Paggioli,* 99 AD2d 802). Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.