In the Matter of the Estate of GUSTAVE MEYER, Deceased. GAIL E. MEYER, Respondent; JEAN MEYER, Appellant. [757 NYS2d 98] —In a proceeding to compel an accounting, Jean Meyer appeals, as limited by her notice of appeal and brief, from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated August 10, 2001, as granted the motion of Gail Ellen Meyer for summary judgment dismissing Jean Meyer's affirmative defenses based on the statute of limitations and laches, and directing her to judicially settle her account as executor and trustee. Justice Luciano has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

Gustave Meyer died in 1971, leaving behind his wife, the ap-

pellant, Jean Meyer, and their three children, including the petitioner, Gail Ellen Meyer, then age 20. The decedent and the appellant owned a number of properties through various corporations. In his will, the decedent created a testamentary trust, the income to be distributed to the appellant during her lifetime and, upon her death, to be divided equally among the petitioner and her siblings. The appellant was the executor of the will and a trustee; however, the trust was never funded.

In 2001 the petitioner commenced the instant proceeding to compel an accounting by the appellant. The appellant asserted various affirmative defenses in her answer, including the statute of limitations and laches. Thereafter, the Surrogate granted the petitioner's motion for summary judgment dismissing the appellant's affirmative defenses and directing the appellant to judicially settle her account as executor and trustee.

A proceeding to compel an accounting by a fiduciary is governed by a six-year statute of limitations (*see* CPLR 213 [1]). The claim does not begin to accrue until there is either an open repudiation of the fiduciary's obligation or a judicial settlement of the fiduciary's account (*see Matter of Rodken,* 270 AD2d 784 [2000]; *Matter of Winne,* 232 AD2d 956 [1996]; *see also Matter of Barabash,* 31 NY2d 76 [1972]).

The Surrogate properly concluded that the proceeding is not barred by the statute of limitations since the appellant neither judicially settled her account nor openly repudiated her fiduciary obligation. The appellant contends that the federal estate tax return filed in 1973 constituted a repudiation because it revealed that there were no assets in the estate to fund the trust. However, "[t]he law requires proof of a repudiation by the fiduciary which is *clear* and made known to the beneficiaries" (*Matter of Barabash, supra* at 80 [emphasis in original]; *see Matter of Behr,* 191 AD2d 431 [1993]). The appellant failed to establish that by filing this tax return, she clearly made known to her children that she was repudiating her fiduciary obligation. Furthermore, we reject the appellant's contention that the statute of limitations governing a fraud cause of action should be applied to bar this proceeding.

The appellant's defense of laches was properly dismissed as that defense also requires proof of an open repudiation of her fiduciary obligation (*see Matter of Barabash, supra* at 82; *Matter of Rodken, supra*).

The appellant does not raise any issue on appeal with respect to the Surrogate's dismissal of her remaining affirmative defenses. As the petitioner established her entitlement to an accounting, the Surrogate properly granted her motion for sum-

mary judgment and directed the appellant to judicially settle her account as executor and trustee. S. Miller, J.P., Friedmann, Luciano and Cozier, JJ., concur.