■ Louis Evangelista, Appellant, v Joseph Mattone, Sr., et al., Respondents, et al., Defendants. [844 NYS2d 74]—

In an action, inter alia, for an accounting, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated June 26, 2006, which granted that branch of the motion of the defendants Joseph Mattone, Sr., and Saint James Apartments, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action, inter alia, for an accounting based upon a joint venture between the plaintiff and the defendants Joseph Mattone, Sr., and Saint James Apartments, Inc. (hereinafter the defendants). The defendants made a prima facie showing that they were entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]) because the action was barred by the six-year statute of limitations of CPLR 213 (see CPLR 213 [1], [7]). Claims such as those at issue here accrue when "there is either an open repudiation of the fiduciary's obligation or a judicial settlement of the fiduciary's account" (Matter of Meyer, 303 AD2d 682, 683 [2003]; see Matter of Rodken, 270 AD2d 784, 785 [2000]; Westchester Religious Inst. v Kamerman, 262 AD2d 131, 131-132 [1999]; see also Matter of Barabash, 31 NY2d 76, 80). In November 1998 an attorney representing the defendant Joseph Mattone, Sr., sent a letter to the attorney purportedly representing the plaintiff that openly repudiated any business relationship between the defendants and the plaintiff, and repudiated any claims the plaintiff had under the joint venture which allegedly gave rise to the claims involved herein. The plaintiff commenced this action by filing a summons and verified complaint dated, and allegedly filed, on February 18, 2005. Thus, by the time the plaintiff commenced this action, the six-year limitations period had already expired. The plaintiff claimed in the Supreme Court that the attorney who contacted Mattone's attorney, which contact resulted in the repudiation letter, was retained by his sons and did not have the authority to act on his behalf. However, we note, first, that the relevant correspondence indicated that the plaintiff was sent a copy of the correspondence. In any event, the dispositive issue is whether the repudiation was clear and made known to the plaintiff (see Matter of Meyer, 303 AD2d at 683; Matter of Behr, 191 AD2d 431, 431 [1993]; see also Matter of Barabash, 31 NY2d at 80), not what prompted the repudiation. The plaintiff did not deny that the

repudiation was made known to him. In sum, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact precluding summary judgment based on the six-year limitations period (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 560 [1980]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

In light of the foregoing determination, it is unnecessary to address the parties' remaining contentions. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.