In the Matter of IOANNIS HILETZARIS, Also Known as JOHN HILETARIS, Deceased. KATHY LIOSIS, Respondent; NICHOLAS HILETZARIS, Appellant. [962 NYS2d 623]—

In a probate proceeding in which Kathy Liosis, the administrator of the estate of Ioannis Hiletzaris, also known as John Hiletzaris, petitioned pursuant to SCPA 2205 to compel an accounting, Nicholas Hiletzaris appeals from an order of the Sur-

rogate's Court, Queens County (Kelly, S.), dated September 8, 2011, which denied his motion for summary judgment dismissing the proceeding on the ground that the proceeding is barred by the statute of limitations and the doctrine of laches.

Ordered that the order is affirmed, with costs.

Ioannis Hiletzaris, also known as John Hiletzaris (hereinafter the decedent), died on April 17, 2004. In September 2010, the petitioner, as administrator of the decedent's estate, commenced this proceeding pursuant to SCPA 2205 to compel Nicholas Hiletzaris (hereinafter Nicholas) to account for his transactions and dealings as the decedent's attorney in fact pursuant to a durable power of attorney executed by the decedent in favor of Nicholas on November 16, 1998.

The Surrogate's Court properly denied Nicholas's motion for summary judgment dismissing the proceeding. A proceeding to compel a fiduciary to account is governed by the six-year statute of limitations set forth in CPLR 213 (1) (*see Matter of Barabash*, 31 NY2d 76, 80 [1972]; *Matter of Sbuttoni*, 16 AD3d 693, 694 [2005]; *Matter of Meyer*, 303 AD2d 682, 683 [2003]). Here, while the fiduciary relationship ended upon the decedent's death on April 17, 2004, more than six years prior to the commencement of this proceeding (*see* General Obligations Law § 5-1511 [a]), the evidence submitted by Nicholas raised triable issues of fact as to whether Nicholas's alleged misrepresentations in his 2009 accounting of the estate of the decedent's father served to toll the statute of limitations (*see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 201 [2008]; *Spallholz v Sheldon*, 216 NY 205, 209 [1915]; *see also Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]). We also reject Nicholas's contention that the petition was barred by the doctrine of laches, as Nicholas failed to establish prima facie the requisite element of prejudice (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Barabash*, 31 NY2d at 82; *Markell v Markell*, 91 AD3d 832, 834 [2012]; *Skrodelis v Norbergs*, 272 AD2d 316, 316 [2000]). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.