Order, Surrogate’s Court, New York County (Nora Anderson, S.), entered on or about October 19, 2012, which denied *410 JPMorgan Chase Bank, N.A.’s motion to (1) vacate its default at the January 27, 2012 call of the calendar on the petition for a compulsory accounting, (2) vacate the order (same court and Surrogate), entered on or about February 15, 2012, which directed it to file an account within 45 days, (3) permit it to oppose the petition nunc pro tunc, and (4) dismiss the petition, unanimously modified, on the facts and in the exercise of discretion, to grant branches 1 to 3 of the motion, and otherwise affirmed, without costs.
Contrary to the Surrogate, we find that JPMorgan has shown both a reasonable excuse for its default and a meritorious defense to the underlying petition. Law office failure is the reasonable excuse (see e.g. Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]; Cruz v Bronx Lebanon Hosp. Ctr., 73 AD3d 597 [1st Dept 2010]). As to its defense, JPMorgan made a prima facie showing that the settlor of the trust at issue revoked it before she died (see Bergen v 791 Park Ave. Corp., 162 AD2d 330 [1st Dept 1990]).
However, this showing was not so overwhelming that the petition should be dismissed; rather, JPMorgan may file objections, after which this matter can take whatever course is required (e.g. discovery and a trial).
Contrary to JPMorgan’s contention, the petition is not time-barred. JPMorgan did not turn over its trusteeship to a successor, which would start the clock running (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 201 [2008]). And it repudiated its obligation to administer the trust, at the earliest, on November 9, 2010 (see Matter of Barabash, 31 NY2d 76, 80 [1972]). Petitioner commenced the instant proceeding on December 22, 2011, well within six years of November 9, 2010.
Nor is this proceeding barred by laches, i.e., prejudicial delay, because “[a] fiduciary is not entitled to rely upon the laches of his beneficiary as a defense, unless he repudiates the relation to the knowledge of the beneficiary” (id. at 82 [internal quotation marks omitted]). JPMorgan has not been prejudiced by the passage of time since its November 9, 2010 repudiation; it was already prejudiced by the loss of evidence that occurred before that date (see id. at 79, 81-82).
We have considered JPMorgan’s remaining arguments and find them unavailing. Concur — Acosta, J.P., Saxe, Moskowitz and Freedman, JJ.