■ In the Matter of WENDY TSO, Appellant, v KENTARO HORIUCHI et al., Respondents. [1 NYS3d 863]—

In a proceeding, inter alia, to remove Kentaro Horiuchi as trustee of three separate trusts and as manager of a limited liability company owned by those trusts and for an accounting, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 27, 2012, as denied that branch of her application which was for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, there is no reason to disturb the Surrogate's Court's denial of that branch of her application which was for an award of an attorney's fee. While a fiduciary may be liable for attorney's fees and other expenses incurred arising from objections where the fiduciary is surcharged for self-dealing or misconduct (*see Matter of Marsh*, 265 AD2d 253, 254 [1999]; *Matter of Birnbaum v Birnbaum*, 157 AD2d 177, 191 [1990]), the Surrogate's Court, in fixing any such fees, has " 'unquestionably broad discretion' " (*Matter of Marsh*, 265 AD2d at 254, quoting *Matter of Urbach*, 252 AD2d 318, 322 [1999]). Under the circumstances presented, the Surrogate's Court did not improvidently exercise its discretion in determining that an award of an attorney's fee was not warranted.

The petitioner's remaining contentions either have been rendered academic or are without merit Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.