Matter of Eisdorfer (2020 NY Slip Op 06258)





Matter of Eisdorfer


2020 NY Slip Op 06258


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-13769

[*1]In the Matter of David Eisdorfer, deceased. Chaiya Ginsberg, et al., appellants; Leah Heller, et al., respondents. (File No. 5565/1984)


Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY (Philip T. Simpson of counsel), for appellants.
Joseph P. Garland, Mount Vernon, NY, for respondents.



DECISION & ORDER
In a probate proceeding, in which Chaiya Ginsberg, Elky Eisdorfer Paneth, and Sara Weiss filed two petitions to compel certain accountings, the petitioners appeal from an order of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated June 26, 2018. The order granted the motions of Leah Heller, Irene Feldbrand, Frances Fisch, and Herman Eisdorfer pursuant to CPLR 3211(a) to dismiss the two petitions.
ORDERED that the order is reversed, on the law, with costs, and the motions pursuant to CPLR 3211(a) to dismiss the petitions are denied.
The decedent, David Eisdorfer, died in 1984. He was survived by his wife Blanka and their five children, the respondents Leah Heller, Irene Feldbrand, Frances Fisch, and Herman Eisdorfer (hereinafter collectively the respondents), and nonparty Samuel Eisdorfer. In his will, the decedent created a testamentary trust, the income of which was to be distributed to Blanka during her lifetime and, upon her death, the principal of which was to be divided equally between the decedent's lawful issue per stirpes as determined at the time of Blanka's death. The will named Blanka, Heller, and Rabbi Zalman Meisels, as executors and trustees. Letters of trusteeship were issued on December 13, 1984, naming Blanka, Heller, and Meisels as fiduciaries. However, rather than fund the trust with the decedent's residuary estate as directed by the will, Blanka and the decedent's five children, together with Meisels, executed a number of private agreements whereby they agreed to distribute the decedent's residuary estate among themselves. The agreements provided that they were entered into via an "Agav Suder binding procedure."
One of the decedent's sons, nonparty Samuel Eisdorfer, died on October 8, 2004. He was survived by three daughters, the petitioners Chaiya Ginsberg, Elky Eisdorfer Paneth, and Sara Weiss (hereinafter collectively the petitioners). Blanka died on August 6, 2011.
By two petitions dated June 1, 2017, the petitioners sought to compel the executors and trustees, Heller and Meisels, to account for the estate and trust. The petitioners contended that, pursuant to the trust terms of the decedent's will, and as the surviving issue of their late father Samuel Eisdorfer, they are collectively entitled to one-fifth of the trust principal upon the death of [*2]Blanka. After filing objections, the respondents moved pursuant to CPLR 3211(a) to dismiss the petitions. They argued, inter alia, that the proceedings were barred by the statute of limitations and laches. By order dated June 26, 2018, the Surrogate's Court determined that the proceedings were barred by the statute of limitations and laches, and granted the motions to dismiss the petitions. The petitioners appeal.
A proceeding to compel an accounting by a fiduciary is governed by a six-year statute of limitations (see CPLR 213[1]). "It is well settled that the statutory clock begins to run when the trustee openly repudiates his [or her] fiduciary obligations" or there is a judicial settlement of the fiduciary's account (Matter of Behr, 191 AD2d 431, 431; see Matter of Barabash, 31 NY2d 76, 80; Campbell v Bank of Am., N.A., 155 AD3d 820, 822). "For a trustee to invoke a Statute of Limitations defense, a mere lapse of time is insufficient without proof of an open repudiation" (Matter of Behr, 191 AD2d at 431). There must be proof of a repudiation by the fiduciary "'which is clear and made known to the beneficiaries'" (Matter of Meyer, 303 AD2d 682, 683, quoting Matter of Barabash, 31 NY2d at 80), "viewed in the light of the circumstances of the particular case" (Matter of Barabash, 31 NY2d at 80). The party seeking the benefit of the statute of limitations defense bears the burden of proof on the issue of open repudiation (see Matter of Asch, 164 AD3d 787; Matter of Rodken, 270 AD2d 784, 785; see e.g. Incorporated Vil. of Muttontown v Ryba, 121 AD3d 757, 759; Matter of Baird, 58 AD3d 958, 959). "Where there is any doubt on the record as to the conclusive applicability of a Statute of Limitations defense, the motion to dismiss the proceeding should be denied" (Matter of Behr, 191 AD2d at 431).
Here, the respondents failed to sustain their burden of establishing that the trustees had openly repudiated their fiduciary obligations to the petitioners so as to start the statute of limitations clock (see Matter of Barabash, 31 NY2d at 81; Matter of Meyer, 303 AD2d at 683; Matter of Behr, 191 AD2d at 432). Contrary to the respondents' contention, neither the estate tax return filed in connection with the decedent's estate nor the private agreements executed via an "Agav Suder" binding procedure demonstrate the requisite open repudiation (see Matter of Meyer, 303 AD2d at 683). Moreover, no affidavit was submitted by Heller in support of the respondents' motions, and Meisels only submitted affirmations averring that he wrote and prepared the private agreements signed by Blanka and the decedent's children.
The respondents similarly failed to establish that the petitions were barred by laches, as that defense also requires proof of an open repudiation of the trustees' fiduciary obligation (see Matter of Barabash, 31 NY2d at 82; Matter of Meyer, 303 AD2d at 683; see also Goldberg v Meyers, 181 AD3d 653).
Accordingly, we disagree with the Surrogate's Court's determination to grant the respondents' motions to dismiss the petitions.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court