Massey-Hughes v Massey (2021 NY Slip Op 07405)





Massey-Hughes v Massey


2021 NY Slip Op 07405


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


985 CA 21-00255

[*1]JACQUELINE MASSEY-HUGHES, KELLY ATKINS AND CHRISTINE MASSEY, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
SHAWN MASSEY, INDIVIDUALLY, AS TRUSTEE OF THE EDWARD J. MASSEY, JR. TRUST, AS EXECUTOR OF THE ESTATE OF EDWARD J. MASSEY, JR., DECEASED, AND MASSEY'S FURNITURE BARN, INC., DEFENDANTS-RESPONDENTS-APPELLANTS. 






SEARLES, SHEPPARD & GORNITSKY, PLLC, NEW YORK CITY (JOSHUA I. GORNITSKY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
HARRIS BEACH PLLC, SYRACUSE (JULIAN B. MODESTI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered January 8, 2021. The order granted in part the motion of defendants for summary judgment and denied the cross motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' cross motion in part and granting plaintiffs summary judgment on their first cause of action insofar as that cause of action sought an accounting and as modified the order is affirmed without costs.
Memorandum: Plaintiffs and Shawn Massey (defendant) are siblings and the children of Edward J. Massey, Jr. (decedent), who died in October 1998. Decedent's will appointed defendant as an executor of decedent's estate and as a trustee of the Edward J. Massey, Jr. Trust (trust), a testamentary trust. Plaintiffs are beneficiaries of the trust. The will devised ownership of defendant Massey's Furniture Barn, Inc. (MFBI) to defendant, devised certain real property to the trust, and authorized the trustee, i.e., defendant, "to rent said real estate" either to defendant or MFBI. In addition, the will acknowledged that decedent owed a debt to MFBI, and directed that the debt be paid by decedent's heirs. To that end, defendant, as executor of the estate, executed a promissory note from the estate to MFBI.
In January 2019, plaintiffs commenced the instant action, asserting, inter alia, causes of action for an accounting, the removal of defendant as trustee, breach of fiduciary duty, and breach of trust. The cause of action for breach of fiduciary duty is based on allegations that defendant misappropriated funds, i.e., rents paid by third-party tenants of real estate owned by the trust; fraudulently executed the promissory note on behalf of the estate; and wrongfully retained earnings in the trust and made improper tax deductions. The cause of action for breach of trust is similarly based upon defendant's retention of the rents paid by third-party tenants to defendant, allegedly in violation of the trust's provisions. Defendants moved for, inter alia, summary judgment dismissing the complaint, and plaintiffs cross-moved for summary judgment on the complaint. Plaintiffs now appeal and defendants cross-appeal from an order that granted defendants' motion in part, dismissed the causes of action for breach of fiduciary duty and breach of trust, and denied plaintiffs' cross motion.
At the outset, we note that, although Supreme Court stated in the second ordering [*2]paragraph that it was denying plaintiffs' cross motion in its entirety, in its decision the court stated that it was granting that part of plaintiffs' cross motion seeking summary judgment on the cause of action for an accounting for the six years preceding the filing of the complaint. We therefore modify the order accordingly to conform to the court's decision (see 4545 Tr. LLC v Rocky's Big City Games & Sports Bar, Inc., 195 AD3d 1553, 1554 [4th Dept 2021]; Kelly D. v Niagara Frontier Tr. Auth., 177 AD3d 1261, 1264 [4th Dept 2019]; Ramirez Gabriel v Johnston's L.P. Gas Serv., Inc., 143 AD3d 1228, 1230 [4th Dept 2016]).
We agree with plaintiffs on their appeal, however, that the court erred in limiting the cause of action for an accounting to the six years preceding the filing of the complaint, and we therefore further modify the order accordingly. The statute of limitations for a cause of action seeking an accounting is six years (see CPLR 213 [1]; Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 201 [2008]). It is well settled that the limitations period begins to run only when " 'the trustee openly repudiates his [or her] fiduciary obligations' " and " 'a mere lapse of time is insufficient without proof of an open repudiation' " (Matter of Eisdorfer, 188 AD3d 674, 676 [2d Dept 2020]; see Matter of Behr, 191 AD2d 431, 431 [2d Dept 1993]). "The party seeking the benefit of the statute of limitations defense bears the burden of proof on the issue of open repudiation" (Eisdorfer, 188 AD3d at 676), and "must establish that the repudiation was clear and made known to the beneficiaries" (Behr, 191 AD2d at 431). Here, defendants "failed to sustain their burden of establishing that [defendant] had openly repudiated [his] fiduciary obligations to [plaintiffs] so as to start the statute of limitations clock" (Eisdorfer, 188 AD3d at 676). Although defendant failed to provide plaintiffs with an accounting, he never outright refused to do so. Further, defendant continued to conduct his duties as trustee by handling the taxes and expenses for the trust, and making the necessary disbursements to plaintiffs as beneficiaries. Thus, the cause of action for an accounting had not accrued at the time plaintiffs commenced this action.
Contrary to plaintiffs' further contention, the court did not err in granting defendants' motion with respect to the causes of action for breach of fiduciary duty and breach of trust to the extent that they are based upon allegations that defendant misappropriated funds from the trust. It is well-settled that a " 'trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself' " (Golden Gate Yacht Club v Société Nautique de Genève, 12 NY3d 248, 255 [2009], quoting Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 267 [1990]). "[R]esort to extrinsic evidence" may be had "only where the court determines the words of the trust instrument to be ambiguous" (Mercury Bay Boating Club, 76 NY2d at 267). Here, the language of the trust provision at issue is unambiguous. Under the terms of the trust, the trustee, i.e., defendant, is permitted to rent the real estate owned by the trust only to defendant or MFBI in exchange for three percent of the net sales from MFBI. Nothing in the trust provision prohibits either defendant or MFBI from renting property from the trust and then subleasing the trust's real estate to a third party and retaining the sublease income. Thus, defendants' retention of the rent paid by third-party tenants does not constitute a misappropriation of funds, and therefore the court properly granted those parts of defendants' motion for summary judgment dismissing the breach of fiduciary duty and breach of trust causes of action to the extent that they were premised upon defendant's alleged misappropriation of the trust's funds.
Further, the court properly granted defendants' motion with respect to the cause of action for breach of fiduciary duty to the extent that it was premised upon allegations that defendant fraudulently executed a promissory note indebting the estate to MFBI. The elements for a cause of action for breach of fiduciary duty are " 'the existence of a fiduciary duty, misconduct by the [fiduciary] and damages that were directly caused by [the fiduciary's] misconduct' " (McGuire v Huntress [appeal No. 2], 83 AD3d 1418, 1420 [4th Dept 2011], lv denied 17 NY3d 712 [2011]; see Matter of JPMorgan Chase Bank N.A. [Roby], 122 AD3d 1274, 1277 [4th Dept 2014]). "The elements of a cause of action for fraud require a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Here, plaintiffs assert that the note must be fraudulent because it was dated prior to decedent's death. However, plaintiffs concede that the decedent owed a debt to MFBI. In their motion for summary judgment, defendants provided an affidavit from defendant detailing how the amount of the debt was determined, which established that there was no misrepresentation of fact. Plaintiffs' "submissions in opposition to that evidence, 'consist[ing] of nonspecific conclusory [*3]statements' . . . , did not raise a triable issue of fact" (Mahuson v Ventraq, Inc., 118 AD3d 1267, 1268-1269 [4th Dept 2014]; see Moser v Devine Real Estate, Inc. [Florida], 42 AD3d 731, 736 [3d Dept 2007]). Moreover, plaintiffs' allegations of fraud are time-barred. "A cause of action sounding in fraud must be commenced within 6 years from the date of the fraudulent act or 2 years from the date the party discovered the fraud or could, with due diligence, have discovered it" (Ghandour v Shearson Lehman Bros., 213 AD2d 304, 305 [1st Dept 1995], lv denied 86 NY2d 710 [1995]; see CPLR 213 [8]). Plaintiffs concede that they became aware of the allegedly fraudulent note as early as 2000, meaning that the cause of action accrued at that time and the limitations period expired before this action was commenced in 2019 (see generally Ghandour, 213 AD2d at 306).
Contrary to plaintiffs' contention in their appeal, the remainder of the breach of fiduciary duty cause of action, premised on defendant's allegedly wrongful retention of earnings in the trust and improper tax deductions, is also time-barred. We note that, although defendants contend in their cross appeal that the court erred in not granting that part of their motion, the record establishes that the court granted that part of defendants' motion and dismissed plaintiffs' breach of fiduciary duty cause of action in its entirety. Thus, defendants are not aggrieved by the order with respect to the breach of fiduciary duty cause of action (see Matter of Grocholski Cady Rd., LLC v Smith, 171 AD3d 102, 106 [4th Dept 2019]; see generally CPLR 5511).
"A cause of action for breach of fiduciary duty is governed . . . by a three-year statute of limitations where[, as here,] the only relief sought is money damages" (Wiesenthal v Wiesenthal, 40 AD3d 1078, 1079 [2d Dept 2007]; see CPLR 214 [4]; Bouley v Bouley, 19 AD3d 1049, 1051 [4th Dept 2005]). Here, in support of their motion, defendants submitted evidence that plaintiffs were aware that defendant retained earnings in the trust as early as 1999 and, at the latest, in 2002. Thus, defendants met their "initial burden of establishing prima facie that the time in which to sue has expired" and the burden shifted to plaintiffs "to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether plaintiff[s] actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Brown, 186 AD3d 1038, 1039 [4th Dept 2020] [internal quotation marks omitted]; see Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011]; Webster v Nupuf, 286 AD2d 925, 925 [4th Dept 2001]).
Contrary to plaintiffs' contention, the doctrine of open repudiation does not toll the statute of limitations here inasmuch as plaintiffs seek only monetary damages on the breach of fiduciary duty cause of action (see Matter of Kaszirer v Kaszirer, 286 AD2d 598, 599 [1st Dept 2001]). Contrary to plaintiffs' further contention, the continuing wrong doctrine is not applicable. "The continuous wrong doctrine is an exception to the general rule that the statute of limitations runs from the time of the breach though no damage occurs until later" (Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017] [internal quotation marks omitted]). The "doctrine tolls the running of the statute of limitations where there is a series of independent, distinct wrongs rather than a single wrong that has continuing effects" (Ganzi v Ganzi, 183 AD3d 433, 434 [1st Dept 2020]). "Thus, where a plaintiff asserts a single breach—with damages increasing as the breach continued—the continuing wrong theory does not apply" (Henry, 147 AD3d at 601-602). Here, defendants established that defendant began retaining funds in the trust in 1999. The fact that the trust was allegedly unnecessarily taxed as a result of defendant's actions represents continuing damages from the alleged breach that occurred in 1999, not independent breaches that occurred on later dates (see Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721-722 [2d Dept 2019]; cf. Matter of Yin Shin Leung Charitable Found. v Seng, 177 AD3d 463, 464 [1st Dept 2019]).
Finally, contrary to the contention of plaintiffs on their appeal and defendants on their cross appeal, the court properly denied defendants' motion and plaintiffs' cross motion with respect to plaintiffs' cause of action seeking the removal of defendant as trustee. " '[A]n individual seeking removal [of a trustee] bears the burden of establishing that the trustee has violated or threatens to violate his or her trust or is otherwise unsuitable to execute the trust' " (Matter of Joan Moran Trust, 166 AD3d 1176, 1179 [3d Dept 2018]; see Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1572-1573 [3d Dept 2019]). Removal of a trustee is a " 'drastic action not to be undertaken absent a clear necessity' " (Matter of Rose BB., 243 AD2d 999, 1000 [3d Dept 1997]). A trustee may be removed without a hearing "where the misconduct is established by undisputed facts or concessions . . . [or] where the fiduciary's in-[*4]court conduct causes such facts to be within the court's knowledge" (Matter of Duke, 87 NY2d 465, 472 [1996]). Here, it is undisputed that defendant failed to provide an accounting since the inception of the trust, despite repeated requests by plaintiffs. Such failure may be grounds for removal (see generally Matter of Weinraub, 68 AD3d 679, 679 [1st Dept 2009]; Kelly v Sassower, 52 AD2d 539, 539 [1st Dept 1976], appeal dismissed 39 NY2d 942 [1976]). Further, to the extent that plaintiffs are able to prove that defendant mishandled the trust's earnings and tax deductions, such evidence may support removal. However, defendants submitted evidence establishing that defendant executed the trust in strict compliance with its terms for over 30 years prior to the commencement of the instant action. During that time, defendant was able to pay off two substantial debts, paid the mortgage to the trust properties from MFBI proceeds, and began earning a substantial profit for the beneficiaries. In addition, although no formal accounting was provided, defendant submitted evidence that at least one beneficiary was given detailed information regarding the estate and trust in response to her request for a quarterly report. Thus, there are issues of fact regarding whether there is a " 'clear necessity' " to remove defendant as trustee (Rose BB., 243 AD2d at 1000). The court therefore properly denied that part of plaintiffs' cross motion for summary judgment on their cause of action seeking removal of defendant as trustee, and the court properly denied that part of defendants' motion for summary judgment dismissing that cause of action.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court