Chalom v Areivim USA (2022 NY Slip Op 04895)

Chalom v Areivim USA

2022 NY Slip Op 04895

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-08186
 (Index No. 503108/18)

[*1]Grace Chalom, etc., et al., respondents,
v
Areivim USA, appellant, et al., defendants.

Morrison Cohen, LLP, New York, NY (Y. David Scharf and Jeffrey D. Brooks of counsel), for appellant.
Avrom R. Vann, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant Areivim USA appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated May 7, 2019. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
Before his death, Jose Chalom entered into a contract with the defendant Areivim USA (hereinafter the defendant) related to charitable funds allegedly payable to Chalom's surviving spouse and three children upon his death. That contract contained waiver and arbitration clauses which stated, respectively, that "[t]he members waive any right to sue or to bring legal claims against the decisions made by [the defendant] or its Rabbinical Committee," and "[i]n the event of any dispute, [the defendant] will call its Rabbinical Committee to act as arbitrator. The decision of the committee will be abided by."
When Chalom died, the defendant refused to pay any funds to Chalom's surviving spouse and three children (hereinafter collectively the plaintiffs). The plaintiffs commenced this action to recover damages for breach of contract, and the defendant moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against it, asserting that the plaintiffs waived any right to bring a plenary action under the contract and were instead obligated to submit any dispute to arbitration before the Rabbinical Committee. The Supreme Court denied the motion, and the defendant appeals.
"Arbitration is a matter of contract, and arbitration clauses, which are subject to ordinary principles of contract interpretation, must be enforced according to their terms" (Rutella v National Sec. Corp., 172 AD3d 1124, 1125-1126). However, the existence of an agreement to arbitrate is not a defense to a plenary action and thus "it may not be the basis for a motion to dismiss" (Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738; see Wilson v PBM, LLC, 193 AD3d 22, 40).
Here, the Supreme Court correctly determined that the arbitration clause was not a basis to dismiss the complaint under CPLR 3211(a)(1) or (5). Furthermore, contrary to the defendant's contention, and "giving a practical interpretation to the language employed and reading the contract as a whole" (Harmony Rockaway, LLC v Gelwan, 200 AD3d 863, 865 [internal quotation marks omitted]), the waiver clause contained in the contract barred only substantive review of the merits of a dispute regarding the defendant's administration of the charitable program and did not require the court to dismiss the complaint where threshold questions remained as to the arbitrability of the dispute (see generally Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 95; Revis v Schwartz, 192 AD3d 127, 133-134, affd 38 NY3d 939; Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, 174 AD3d 712, 713).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court