Matter of Sassouni (2024 NY Slip Op 00633)

Matter of Sassouni

2024 NY Slip Op 00633

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-03084

[*1]In the Matter of Eli Sassouni, deceased. Khosrow Jack Sassouni, appellant; Dalia Sassouni, et al., respondents. (File No. 355890)

Spizz & Cooper, LLP, Mineola, NY (Harvey W. Spizz of counsel), for appellant.
McCoyd, Parkas & Ronan LLP (Elliott Kwok Levine & Jaroslaw LLP, New York, NY [Mark Elliott], of counsel), for respondents.

DECISION & ORDER
In related proceedings pursuant to SCPA 2205 to compel a trust accounting, in which Khosrow Jack Sassouni petitioned to judicially settle a trust account, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated December 30, 2019. The order, insofar as appealed from, denied the petitioner's separate motions pursuant to CPLR 3211(a) to dismiss the objections to the accounts and granted those branches of the objectants' separate cross-motions which were for summary judgment on their objections seeking to surcharge the petitioner and for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs payable by the petitioner personally.
Eli Sassouni (hereinafter the decedent) drafted a will in which he created testamentary trusts for his wife and three sons. The main asset of the trusts consisted of the decedent's interest in Iridium Industries, Inc. (hereinafter Iridium), a closely held corporation. Khosrow Jack Sassouni (hereinafter the petitioner), who is the decedent's brother and the president of Iridium, and who holds his own interest in Iridium, was appointed trustee to act with respect to any closely held business interest held by the trusts and, in addition, was given sole decision-making responsibility regarding any such closely held business interest. Following the decedent's death in 2009, the petitioner so served as trustee.
In 2018, the beneficiaries commenced separate proceedings pursuant to SCPA 2205 to compel an accounting for each trust, alleging self-dealing by the petitioner in violation of his fiduciary duties. Thereafter, the petitioner voluntarily petitioned to judicially settle each trust account for the period 2009 to 2018. Following the petitioner's examination pursuant to SCPA 2211, the beneficiaries filed objections to each account.
The petitioner separately moved pursuant to CPLR 3211(a) to dismiss the objections to each account. He argued that the objections were subject to the mandatory arbitration clause contained in Iridium's shareholders agreement, as amended, and time-barred by the one-year limitations period set forth therein, and alternatively, that the objections were barred by the statutory [*2]limitations period and the doctrine of laches. The beneficiaries opposed the motions and separately cross-moved, inter alia, for summary judgment on their objections seeking to surcharge the petitioner and for an award of attorneys' fees. The petitioner opposed the cross-motions. In an order dated December 30, 2019, the Surrogate's Court, among other things, denied the petitioner's motions to dismiss the objections and granted those branches of the beneficiaries' cross-motions which were for summary judgment on their objections seeking to surcharge the petitioner and for an award of attorneys' fees. The petitioner appeals.
"[T]he only basis for a 3211 dismissal relating to arbitration is where there has already been arbitration and an award has been made in it" (Langemyr v Campbell, 23 AD2d 371, 374 [emphasis and internal quotation marks omitted]; see Hui v New Clients, Inc., 126 AD3d 759, 759-760). "[T]he existence of an agreement to arbitrate is not a defense to a plenary action and thus it may not be the basis for a motion to dismiss" (Chalom v Areivim USA, 208 AD3d 552, 553 [internal quotation marks omitted]; see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738). Even interpreting the petitioner's motions as seeking to compel arbitration of the objections that were not barred by the one-year limitations period set forth in the shareholders agreement (cf. CPLR 7503[a]), the application was properly denied, as the dispute was not arbitrable (see NY Const, art VI, § 12[d]; SCPA 201[3]; Matter of Glassman v Cohen, 213 AD3d 850; cf. Matter of Kalikow, 58 AD3d 846).
A proceeding to compel an accounting by a fiduciary is governed by a six-year statute of limitations (see CPLR 213[1]). "[T]he statutory clock begins to run when the trustee openly repudiates his [or her] fiduciary obligations" or there is a judicial settlement of the fiduciary's account (Matter of Behr, 191 AD2d 431, 431; see Matter of Barabash, 31 NY2d 76, 80; Matter of Meyer, 303 AD2d 682, 683). "For a trustee to invoke a Statute of Limitations defense, a mere lapse of time is insufficient without proof of an open repudiation" (Matter of Behr, 191 AD2d at 431). "The law requires proof of a repudiation by the fiduciary which is clear and made known to the beneficiaries viewed in the light of the circumstances of the particular case" (Matter of Barabash, 31 NY2d at 80 [citation omitted]). The party seeking the benefit of the statute of limitations defense bears the burden of proof on the issue of open repudiation (see Matter of Eisdorfer, 188 AD3d 674, 676; Matter of Asch, 164 AD3d 787). "Where there is any doubt on the record as to the conclusive applicability of a Statute of Limitations defense, the motion to dismiss the proceeding should be denied" (Matter of Behr, 191 AD2d at 431; see Matter of Eisdorfer, 188 AD3d at 676). Here, the petitioner failed to sustain his burden of establishing that he had openly repudiated his fiduciary obligations to the beneficiaries or that he judicially settled his accounts so as to start the running of the statute of limitations clock (see Matter of Eisdorfer, 188 AD3d at 676; Matter of Meyer, 303 AD2d at 683). Likewise, the defense of laches was properly rejected, as that defense also requires proof of an open repudiation of the petitioner's fiduciary obligations (see Matter of Meyer, 303 AD2d at 683).
Accordingly, the Surrogate's Court properly denied the petitioner's motions to dismiss the objections to each account.
The beneficiaries established their prima facie entitlement to judgment as a matter of law on those branches of their cross-motions which were for summary judgment on their objections seeking to surcharge the petitioner (see Zuckerman v City of New York, 49 NY2d 557). "The prudent investor rule requires a standard of conduct, not outcome or performance. Compliance with the prudent investor rule is determined in light of facts and circumstances prevailing at the time of the decision or action of a trustee" (EPTL 11-2.3[b][1]). "To warrant a surcharge, the objectors must show that the trust's losses resulted from the trustee's negligence or failure to exercise such prudence" (Matter of Hahn, 93 AD2d 583, 586, affd 62 NY2d 821; see Matter of JP Morgan Chase Bank, N.A., 133 AD3d 1292, 1297). Here, under the circumstances, it cannot be said that the strategy pursued by the petitioner was done "for the benefit of the beneficiaries" (EPTL 11-2.3[b][3][A]) or that the petitioner "acted in substantial compliance with the prudent investor standard" (id. § 11-2.3[b][1]; see Matter of Parascandola v National Sur. Co., 249 NY 335; cf. Powell v Bernstein, 262 AD2d 221; Matter of Balfe, 245 App Div 22). The petitioner failed to raise [*3]a triable issue of fact in opposition to the beneficiaries' prima facie showing. Accordingly, the Surrogate's Court properly granted those branches of the beneficiaries' cross-motions which were for summary judgment on their objections seeking to surcharge the petitioner.
The Surrogate's Court providently exercised its discretion in granting those branches of the beneficiaries' cross-motions which were for an award of attorneys' fees (see Matter of Marsh, 265 AD2d 253, 254; Matter of Birnbaum v Birnbaum, 157 AD2d 177, 191; cf. Matter of Tso v Horiuchi, 125 AD3d 984, 984).
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court